IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20877
USDC No. H-00-CR-152-3
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEVAN LEE DAVIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas

_____

November 19, 2001

Before SMITH and EMILIO M. GARZA, Circuit Judges, and CUMMINGS, District Judge[1].

PER CURIAM:[2]

Devan Lee Davis appeals his criminal conviction for aiding and abetting one in the

possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C.

841(a)(1), (b)(1)(A)(iii), 18 U.S.C. 2, and for conspiracy to possess with intent to distribute 50

grams or more of crack cocaine in violation of 21 U.S.C. 841(a)(1), (b)(1)(A)(iii), and 846.

Davis argues three points on appeal: that two prior convictions were not relevant and

should have been excluded; that the district court abused its discretion by denying Davis's request

_____

[1]District Judge of the Northern District of Texas, sitting by designation.

[2]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

to recall a witness for impeachment purposes; and that the evidence presented at trial was insufficient to support a conviction for conspiracy and aiding and abetting.

Before the trial began, the United States filed its notice of intent to offer evidence under Federal Rule of Evidence 404(b), putting Davis on notice of its intent to introduce evidence of his prior convictions in Harris County, Texas, for possession of marijuana. Davis objected to the admissibility of the prior convictions before and during trial; the district court ruled that two of the prior convictions could be admitted into evidence. At the conclusion of the United States' evidence, Davis verbally moved for a Rule 29 judgment of acquittal based on insufficiency of the evidence; the trial court denied this motion. During the presentation of Davis's case, Davis requested to recall a witness for the purpose of impeachment. The trial court denied this request. At the conclusion of all the evidence, Davis renewed his request to recall the witness, which the trial court denied. The jury found Davis guilty on both counts in the indictment; subsequently, the district court sentenced Davis to 168 months in the custody of the Bureau of Prisons.

A decision by the district court to admit evidence of an extrinsic offense under Federal Rule of Evidence 404(b) will not be disturbed on appeal absent a clear showing of an abuse of discretion. *United States v. Bruno,* 809 F.2d 1097, 1106 (5th Cir. 1987). The admission or exclusion of evidence at trial is a matter within the sole discretion of the district court. *United States v. Moody,* 903 F.2d 321, 326 (5th Cir. 1990). After reviewing the record, this Court finds that there was no abuse of discretion by the district court in admitting the extrinsic offense evidence.

While it is well established that a witness may be impeached, the trial court is given "wide latitude" in imposing reasonable restraints upon a defendant's right to cross-examination, and

2

there is no right to impeach a witness regarding collateral or irrelevant matters. *United States v. Sisto,* 534 F.2d 616, 617, 622, 627 (5th Cir. 1976); *Sims v. ANR Freight Sys., Inc.,* 77 F.3d 846, 849 (5th Cir. 1996); *United States v. Hawkins,* 661 F.2d 436, 444 (5th Cir. 1981). This Court reviews the district court's decision for an abuse of discretion. *Bruno,* 809 F.2d at 1106. The district court did not abuse its discretion when it denied Davis's request to recall a witness solely for impeachment purposes on a collateral matter; Davis was allowed to cross-examine the witness and had the opportunity to impeach the witness at that time.

This Court reviews the sufficiency of the evidence by determining whether a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt. *United States v. Meyers,* 104 F.3d 76, 78 (5th Cir. 1997). In assessing the sufficiency of the evidence, this Court will not evaluate the weight of the evidence or the credibility of the witnesses but will view the evidence in the light most favorable to the jury verdict, drawing all reasonable inferences to support the verdict. *Id.* at 78-79. There is sufficient evidence to support Davis's conviction for conspiracy and aiding and abetting.

We have carefully considered Devan Lee Davis's claims on appeal in light of the entire record, the parties' respective briefing on the issues in this appeal, the oral arguments presented before this Court, and the required standard of review. We are persuaded that there was sufficient evidence to support Davis's conviction for conspiracy and aiding and abetting and that there was no abuse of discretion by the trial court in admitting the extrinsic offense evidence or by denying Davis's request to recall a witness for the sole purpose of impeachment on a collateral matter. We therefore **AFFIRM** the trial court.

3